UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ASSIST FINANCIAL SERVICES, INC., a South Dakota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FREIGHT ONE TRANSPORTATION, INC., a California Corporation, and DAVID PALACIOS,<br><br>Defendants. | Case No.: ___4:20-cv-4015___<br><br><br>**COMPLAINT** |

Assist Financial Services, Inc., a South Dakota Corporation ("Assist Financial"), by and through the undersigned counsel, and for its Complaint against Defendants Freight One Transportation, Inc. ("Freight One"), a California Corporation, and David Palacios ("Palacios") (hereinafter collectively, the "Defendants"), each individually, jointly and severally, alleges the following:

## PARTIES

1.      Assist Financial is a corporation organized under the laws of the State of South Dakota, with its principal place of business located at 1533 NW 2nd Street, P.O. Box 347, Madison, South Dakota 57042.

2.      Freight One Transportation, Inc. is a corporation incorporated under the laws of the State of California, with its principal place of business located at 16843 Hidden Creek Drive, Victorville, California 92395.

3.      David Palacios is an individual, over the age of 18, is sui juris, who is a citizen of the State of California, and resides at 16843 Hidden Creek Drive, Victorville, CA 92395.

1

## JURISDICTION AND VENUE

4.     Jurisdiction is proper under 28 U.S.C. § 1332(a) because the parties are in complete diversity, and the amount in controversy exceeds $75,000.

5.     Diversity of citizenship exists because Assist Financial is incorporated under the laws of the State of South Dakota, and its principal place of business is located in South Dakota; Freight One is incorporated under the laws of the State of California, and its principal place of business is located in California; and Palacios is a resident of the State of California.

6.     Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all claims that are so related to the claims in the action within its original jurisdiction that they form part of the same case or controversy and do not involve claims under 28 U.S.C. § 1367(c)(1) – (4).

7.     The Court's exercise of personal jurisdiction over Defendants is consistent with SDCL 15-7-2, the South Dakota Constitution, and the Constitution of the United States, as Defendants have entered into a contract with Assist Financial, which is organized under South Dakota law and located in South Dakota.

8.     Venue is proper because the parties' agreement contains a venue-selection clause that states as follows:

> 24. Venue; Jurisdiction; Choice of Forum. The parties agree that any suit, action or proceeding arising out of the subject matter hereof, or the interpretation, performance or breach of this Agreement, shall, if Purchaser so elects, be instituted in any court sitting in the state of South Dakota. Each party agrees that South Dakota is convenient to it, and each party irrevocably submits to the jurisdiction of the state of South Dakota, irrevocably agrees to be bound by any judgment rendered thereby in connection with this Agreement, and waives any and all objections to jurisdiction or venue that it may have under the laws of the state of South Dakota or otherwise in those courts in any such suit, action or proceeding.

9.     In addition, venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in South Dakota; alternatively, Defendants are subject to the Court's personal jurisdiction with respect to this action.

## ALLEGATIONS APPLICABLE TO CONDITIONS PRECEDENT

10.     All conditions precedent to the bringing of this action have been performed, excused, and/or waived.

## FACTS

**The Factoring Relationship Between Assist Financial on the One Hand and Freight One and Palacios, on the Other Hand.**

11.     Assist Financial is in the factoring business, which business involves the purchasing of accounts ("Accounts")[1] from businesses ("Factoring Clients") with whom it has formed a contractual relationship, the terms of which are generally contained in invoices.

12.     Within the factoring industry, the entity that purchases the accounts is known as the "Factor" or "Purchaser" of the accounts, which, in this case, is Assist Financial.  The entity from whom the accounts are purchased is known as the "Factoring Client" or "Seller," which, in this case, is Freight One.  The Factoring Client's customer for whom the Seller has performed service(s) or sold good(s) and to whom an invoice is issued for payment is known as the "Customer" or "Account Debtor."[2]

13.     On or about October 30, 2018, Freight One and Palacios d/b/a Freight One Transportation entered into a written agreement with Assist Financial, titled "Factoring and

---

1.     For the purpose of this Complaint, the term "Accounts" shall have the same meaning as that term is defined by the Uniform Commercial Code as adopted in South Dakota and means "a right to payment of a monetary obligation, whether or not earned by performance, (A) for property that has been or is to be sold…, (B) for services rendered..." *See* SDCL 57A-9-102(a)(2).

2.     For the purpose of this Complaint, the term "Account Debtor" shall have the same meaning as that term is defined by the UCC as adopted in South Dakota and "means a person obligated on an account . . ." *See* SDCL 57A-9-102(a)(3).

Security Agreement" (the "Purchasing Agreement"). A copy of the Purchasing Agreement (redacting certain information that Assist Financial considers confidential and/or proprietary) is attached hereto as **Exhibit A**.

14.    Palacios executed the Purchasing Agreement in two capacities: first as an authorized representative of Freight One, and second in his individual capacity.

15.    Under the Purchasing Agreement, Defendants were each contractually obligated to offer Freight One's Accounts for sale to Assist Financial, which Defendants represented and warranted were eligible "bona fide" Accounts.

16.    Assist Financial, in turn, purchased all rights, title to and interest in the Accounts purchased, and, in exchange, Assist Financial made purchase price payments to Freight One and Palacios.

17.    Defendants also granted Assist Financial a first priority security interest[3] in various assets of Defendants, which were identified in the Purchasing Agreement as Collateral ("Collateral"), which Collateral included, among other things, all of Freight One's then-owned or later-acquired Accounts.

18.    On or about October 31, 2018, Assist Financial duly perfected its first priority ownership interest in the purchased Accounts and its first priority security interest in all Collateral by filing a UCC-1 Financing Statement with the California Secretary of State, which was assigned filing number 67157568 ("Assist Financial Financing Statement"). A copy of the UCC-1 Financing Statement is attached hereto as **Exhibit B**.

---

3.    For the purpose of this Complaint, the term "security interest" shall have the same meaning as that term is defined by the Uniform Commercial Code as adopted in South Dakota and means "an interest in personal property or fixtures which secures payment or performance of an obligation. "Security interest" includes any interest of a consignor and a buyer of accounts, chattel paper, a payment intangible, or a promissory note in a transaction that is subject to Chapter 57A-9." *See* SDCL 57A-1-201(b)(35).

19.     Contemporaneously with the execution of the Purchasing Agreement, and to further induce Assist Financial to enter into the Purchasing Agreement and provide advances to Freight One, Palacios (the "Guarantor"), executed in favor of Assist Financial, a Continuing Guaranty ("Guaranty"), individually, unconditionally, jointly and severally guaranteeing to Assist Financial the full, prompt, and unconditional payment and performance of all of Freight One's Obligations to Assist Financial, including, but not limited to the repayment of all advances, costs and attorneys' fees. A copy of the Continuing Guaranty is attached hereto as **Exhibit C**.

20.     Under the Purchasing Agreement, and as authorized by SDCL 57A-9-406, as assignee of the Accounts and in respect to those Accounts in which Assist Financial holds a duly perfected first priority security interest, Assist Financial is contractually entitled to exercise total dominion over all proceeds of any Accounts in connection therewith.

21.     More specifically, Section 3.18 of the Purchasing Agreement provides that Assist Financial could notify Freight One's customers (i.e., Account Debtors) to direct payment on the Accounts directly to Assist Financial.   (Exhibit A, Purchasing Agreement § 3.18) ("Client understands and grants AFS, at any time, and at its sole discretion, to notify any Customer/ Account Debtor of Client to make payments directly to AFS.").

22.     Assist Financial sent notification of assignment letters to Freight One's and/or Palacios's customers, including, among others, a company named U.S. Express, Inc. ("Notices of Assignment"). A copy of the template Notice of Assignment sent to U.S. Express, Inc. is attached hereto as composite **Exhibit D**.

23.     Defendants committed one or more events of default under the Purchasing Agreement including, but not limited to: (i) acts that constituted wrongful interference with Assist Financial's rights to collect Accounts and receive payments from Account Debtors; (ii) having

presented certain invoicing documentation to Assist Financial in connection with Assist Financial's purchase of Accounts that contained materially false and misleading information for the sole purpose of inducing Assist Financial to make purchase price advances to Freight One in connection with the purchasing of the spurious Accounts totaling the amount of not less than $100,000.00; (iii) having sold Accounts to Assist Financial as evidenced by invoices and bills of lading containing inaccurate information as to goods purportedly sold and/or services purportedly performed by Assist to its customers; and (iv) despite Assist Financial having made a demand, Freight One refused to turn over or return the misappropriated advances to Assist Financial (collectively, "Events of Default").

24. As a result of the Events of Default, Assist Financial terminated any rights that Defendants had to receive advances under the Purchasing Agreement and thereby became entitled to immediately exercise and enforce all rights and remedies under the Purchasing Agreement, the Uniform Commercial Code, and at law or in equity, including, but not limited to, declaring all obligations immediately due and payable to Assist Financial.

25. After Assist Financial learned that one or more of the spurious Accounts that Assist Financial purchased contained false and misleading information for the purpose of inducing Assist Financial to make advances to Defendants, Assist Financial conducted an investigation to ascertain which Accounts purchased from the Defendants were in fact fraudulent Accounts.

26. During the investigation, Freight One's customers notified Assist Financial that the invoices for Accounts purchased by Assist Financial contained incorrect information in that such customers did not purchase the goods and/or services identified in the invoice documentation, and that no payment was due to Freight One.

27.    Assist Financial discovered that the following Accounts purchased from Freight One and/or Palacios constituted spurious Accounts:

| Invoice Number(s) | Invoice Date(s) | Invoice Amount(s) | Customer Name (i.e. Account Debtor) |
|---|---|---|---|
| 0685 | 11/12/2019 | 600.00 | Coyote Logistics LLC |
| 0628 | 10/16/2019 | 3,800.00 | JB Hunt Transportation Inc. |
| 0686 | 11/12/2019 | 3,800.00 | |
| 0693 | 11/13/2019 | 4,200.00 | |
| 0706 | 11/18/2019 | 550.00 | Knight Logistics LLC |
| 0720 | 11/22/2019 | 1,000.00 | |
| 0721 | 11/22/2019 | 600.00 | |
| 0631 | 10/18/2019 | 3,700.00 | Swift Logistics |
| 0632 | 10/18/2019 | 3,800.00 | |
| 0638 | 10/23/2019 | 3,275.00 | |
| 0642 | 10/24/2019 | 3,800.00 | |
| 0657 | 10/31/2019 | 4,275.00 | |
| 0658 | 10/31/2019 | 3,700.00 | |
| 0666 | 11/4/2019 | 3,700.00 | |
| 0667 | 11/5/2019 | 4,275.00 | |
| 0672 | 11/6/2019 | 3,700.00 | |
| 0673 | 11/6/2019 | 4,150.00 | |
| 0677 | 11/7/2019 | 4,150.00 | |
| 0680 | 11/12/2019 | 4,250.00 | |
| 0682 | 11/12/2019 | 4,150.00 | |
| 0691 | 11/13/2019 | 4,150.00 | |
| 0694 | 11/14/2019 | 4,150.00 | |

| | | | |
|---|---|---|---|
| 0696 | 11/14/2019 | 800.00 | |
| 0698 | 11/15/2019 | 4,150.00 | |
| 0699 | 11/15/2019 | 850.00 | |
| 0700 | 11/15/2019 | 800.00 | |
| 0702 | 11/15/2019 | 800.00 | |
| 0703 | 11/18/2019 | 800.00 | |
| 0704 | 11/18/2019 | 800.00 | |
| 0705 | 11/18/2019 | 800.00 | |
| 0707 | 11/18/2019 | 4,450.00 | |
| 0708 | 11/18/2019 | 3,700.00 | |
| 0709 | 11/19/2019 | 800.00 | |
| 0710 | 11/19/2019 | 800.00 | |
| 0711 | 11/19/2019 | 800.00 | |
| 0712 | 11/20/2019 | 800.00 | |
| 0714 | 11/20/2019 | 800.00 | |
| 0715 | 11/20/2019 | 4,250.00 | |
| 0716 | 11/22/2019 | 1,200.00 | |
| 0717 | 11/22/2019 | 600.00 | |
| 0718 | 11/22/2019 | 1,200.00 | |
| 0719 | 11/22/2019 | 800.00 | |
| 0722 | 11/22/2019 | 1,200.00 | |
| 071619 | 11/25/2019 | 800.00 | |
| 071719 | 11/25/2019 | 550.00 | |
| 071819 | 11/25/2019 | 550.00 | |
| 071919 | 11/25/2019 | 4,250.00 | |
| 072019 | 11/25/2019 | 4,250.00 | |

| 0627 | 10/16/2019 | 3,850.00 | The Hub Group |
|------|------------|----------|---------------|
| 0646 | 10/28/2019 | 500.00 | Transgroup    Express |
| 0665 | 11/14/2019 | 500.00 | Inc. |
| 0663 | 11/1/2019 | 550.00 | Updike    Distribution Logistics |
| 0624 | 10/15/2019 | 1,200.00 | XPO Logistics LLC |

(hereinafter collectively referred to as the "Fraudulent Accounts").

28.     After Assist Financial discovered one or more of the Accounts purchased constituted Fraudulent Accounts, Assist Financial, through its counsel, issued a letter to Defendants, giving notice that as a result of having committed one or more Events of Default, the Purchasing Agreement was terminated by Assist Financial, and that all Obligations were immediately due and payable to Assist Financial.

29.     Freight One and Palacios have each failed and refused to honor their monetary and non-monetary obligations under the Purchasing Agreement.

## COUNT I:

**Breach of the Purchasing Agreement**
(*As Against Freight One*)

30.     Assist Financial hereby readopts and realleges the preceding paragraphs as if each were fully and independently realleged herein.

31.     Assist Financial and Freight One entered into the Purchasing Agreement, which is a valid and legally enforceable contract.

32.     The Purchasing Agreement provides that the following constitute Events of Default:

        a.     Defendants shall fail to pay any indebtedness to Assist Financial when due;
        b.     Defendants shall breach any term, provision, covenant, warranty or representation under the Purchasing Agreement, or any representation,

9

warranty, report or other statement made by or on behalf of Defendants contained in the Purchasing Agreement including but not limited to financial statements, schedules, required forms, borrowing certificates or other statements furnished by Client or in any other agreements, contracts between Defendants and Assist Financial or obligation of Defendants to Assist Financial, shall be false, erroneous or misleading in any respect;

c.    Any guarantor fails to perform or observe any of such Guarantor's obligations to Assist Financial; or

d.    Assist Financial for any reason, in good faith, deems itself insecure with respect to the prospect of repayment or performance of the Obligations.

(Exhibit A, Purchasing Agreement, § 9).

33.    Freight One committed, among other things, the following Events of Default, thereby breaching the Purchasing Agreement:

a.    Having provided invoicing documentation to Assist Financial in connection with the Fraudulent Accounts, which documentation did not contain an accurate and undisputed statement of indebtedness by an account debtor to Freight One as a result of goods sold or services provided to such account debtor by Freight One, for a certain sum which was due and payable in the payment terms agreed upon between Freight one and the account debtors;

b.    Having presented, offered to sell, and sold to Assist Financial the Fraudulent Accounts that failed to contain an accurate statement of a bona fide sale, delivery and acceptance of merchandise or performance of service by account debtors to Freight One;

c.    The failure and refusal to repurchase the Fraudulent Accounts from Assist Financial;

d.    Having interfered with, or attempted to interfere with Assist Financial's exclusive rights to receive payment of Accounts due from one or more account debtors after the delivery of a Notice of Assignment, including U.S. Express; and

e.    The failure and refusal to furnish Assist Financial with financial statements and information as requested by Assist Financial, from time to time.

(collectively, "Freight One's Material Breaches").

34.    On December 16, 2019, Assist Financial notified Freight One that Freight One committed one or more of Freight One's Material Breaches under the Purchasing Agreement.

35.    The Purchasing Agreement provides the following contractual remedies after default, including, but not limited to:

a.    Immediately terminate the Factoring Agreement, at which time all Obligations are immediately due and payable;

10

b. Require Freight One to repurchase all outstanding and unpaid Accounts, including any spurious Accounts;

c. Require Freight One to assemble all Collateral and the records pertaining to the Accounts and make them available to Assist for removal and/or inspection;

d. Hold Freight One liable for any deficiencies; and

e. The right to charge the Reserve Account in order to, in whole or in part, satisfy the monetary Obligations.

36. Under the Purchasing Agreement, upon the occurrence of Freight One's Material Breaches, Assist Financial is, among other things, entitled to terminate the agreement, meaning that Assist Financial had no further duty to consider making any further advances to Freight One, and, at which time, all indebtedness became immediately due and payable.

37. Freight One failed to cure the Freight One Material Breaches and, as a result, Assist Financial has duly terminated the Purchasing Agreement with Freight One.

38. As a direct and proximate result of Freight One's Material Breaches of the Purchasing Agreement, Assist Financial has been damaged in an amount to be determined at trial and is entitled to recover its compensatory damages in an amount of not less than $128,371.99, plus any and all additional fees permitted by the Purchasing Agreement, including interest, and attorney's fees and costs pursuant to the Purchasing Agreement.

**WHEREFORE,** Plaintiff Assist Financial Services, Inc. demands judgment against Defendant Freight One Transportation, Inc. for all of the above-described compensatory damages in an amount to be determined at trial and totaling an amount not less than $128,371.99, plus pre-judgment interest, post-judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems appropriate, including, but not limited to all applicable prejudgment remedies available.

11

## COUNT II:

### Breach of the Purchasing Agreement
### (*As Against David Palacios, d/b/a Freight One Transportation*)

39.    Assist Financial hereby readopts and realleges the preceding paragraphs as if each were fully and independently realleged herein.

40.    Assist Financial and Palacios, d/b/a Freight One Transportation, entered into the Purchasing Agreement, which is a valid and legally enforceable contract.

41.    The Purchasing Agreement provides that the following constitute Events of Default:

a.    Defendants shall fail to pay any indebtedness to Assist Financial when due;

b.    Defendants shall breach any term, provision, covenant, warranty or representation under the Purchasing Agreement, or any representation, warranty, report or other statement made by or on behalf of Defendants contained in the Purchasing Agreement including but not limited to financial statements, schedules, required forms, borrowing certificates or other statements furnished by Client or in any other agreements, contracts between Defendants and Assist Financial or obligation of Defendants to Assist Financial, shall be false, erroneous or misleading in any respect;

c.    Any guarantor fails to perform or observe any of such Guarantor's obligations to Assist Financial; or

d.    Assist Financial for any reason, in good faith, deems itself insecure with respect to the prospect of repayment or performance of the Obligations.

(Exhibit A, Purchasing Agreement, § 9).

42.    Palacios, among other things, committed the following Events of Default, thereby breaching the Purchasing Agreement:

a.    Having provided invoicing documentation to Assist Financial in connection with the Fraudulent Accounts, which documentation did not contain an accurate and undisputed statement of indebtedness by an account debtor to Freight One as a result of goods sold and/or services provided to such account debtor by Freight One, for a certain sum which was due and payable in the payment terms agreed upon between Freight one and the account debtors;

b.    Having presented, offered to sell, and sold to Assist Financial the Fraudulent Accounts, that failed to contain an accurate statement of a bona fide sale, delivery and acceptance of merchandise or performance of service by account debtors to Freight One;

     c.     The failure and/or refusal to repurchase the Fraudulent Accounts from Assist Financial;

     d.     Having interfered with, or attempted to interfere with Assist Financial's exclusive rights to receive payment of Accounts due from one or more account debtors after the delivery of a Notice of Assignment, including U.S. Express; and

     e.     The failure and/or refusal to furnish Assist Financial with financial statements and information as requested by Assist Financial, from time to time.

(collectively, "Palacios's Material Breaches").

43.     On December 16, 2019, Assist Financial notified Palacios that he committed one or more of Palacios's Material Breaches under the Purchasing Agreement.

44.     The Purchasing Agreement provides the following contractual remedies after default, including but not limited to:

     a.     Immediately terminate the Factoring Agreement, at which time all Obligations are immediately due and payable;

     b.     Require Palacio to repurchase all outstanding and unpaid Accounts, including any spurious Accounts;

     c.     Require Palacio to assemble all Collateral and the records pertaining to the Accounts and make them available to Assist for removal and/or inspection;

     d.     Hold Palacio liable for any deficiencies; and

     e.     The right to charge the Reserve Account in order to, in whole or in part, satisfy the monetary Obligations.

45.     Under the Purchasing Agreement, upon the occurrence of Palacios's Material Breaches, Assist Financial is, among other things, entitled to terminate the agreement, meaning that Assist Financial had no further duty to consider making any further advances to Palacios, and, at which time, all indebtedness became immediately due and payable.

46.     Palacios failed to cure the Palacios Material Breaches and, as a result, Assist Financial has duly terminated the Purchasing Agreement with Palacios.

47.     As a direct and proximate result of Palacios's Material Breaches of the Purchasing Agreement, Assist Financial has been damaged in an amount to be determined at trial and is

entitled to recover its compensatory damages in an amount of not less than $128,371.99, plus any and all additional fees permitted by the Purchasing Agreement, including interest, and attorney's fees and costs pursuant to the Purchasing Agreement.

**WHEREFORE,** Plaintiff Assist Financial Services, Inc. demands judgment against Defendant David Palacios d/b/a Freight One Transportation for all of the above-described compensatory damages in an amount to be determined at trial and totaling an amount not less than $128,371.99, plus pre-judgment interest, post-judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems appropriate, including, but not limited to all applicable prejudgment remedies available.

## COUNT III:

### Breach of Guaranty
### (*As Against David Palacios*)

48.     Assist Financial hereby readopts and realleges the preceding paragraphs as if each were fully and independently realleged herein.

49.     On or about February 23, 2017, to induce Assist Financial to enter into the Purchasing Agreement with Freight One, Palacios, individually executed and delivered to Assist Financial a Continuing Guaranty, which provided in part:

> If the Client fails to pay the indebtedness promptly as the same becomes due, or otherwise fails to perform any obligation under any of the Agreements, [Palacios] agrees to pay on demand the entire Indebtedness and all losses, costs, attorneys; fees and expenses which may be suffered by [Assist Financial] by reason of the Client's default or the attorneys' fees an[d] expenses which may be suffered by [Assist Financial] by reason for the Client's default or the default of any Guarantor hereunder…

50.     Freight One has breached the Purchasing Agreement, as more particularly described in Count I, above, and, under the Guaranty, Palacios is responsible for all obligations due and owing by Freight One to Assist Financial under the Purchasing Agreement.

51.     Palacios is liable for any damages suffered by Assist Financial by virtue of Freight One's breach of the Purchasing Agreement.

52.     Palacios has breached the Guaranty by failing to satisfy Freight One's obligations due and owing to Assist Financial under the Purchasing Agreement.

53.     As a direct and proximate result of Palacios's breach of the Guaranty, Assist Financial has been damaged in an amount to be determined at trial and is entitled to recover its compensatory damages in an amount of not less than $128,371.99, plus any and all additional fees permitted by the Purchasing Agreement, interest, and attorney's fees and costs under the Guaranty.

**WHEREFORE,** Plaintiff Assist Financial Services, Inc. demands judgment against Defendant David Palacios for all of the above-described compensatory damages in an amount to be determined at trial and totaling an amount of not less than $128,371.99, plus pre-judgment interest, post-judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems appropriate, including, but not limited to all applicable prejudgment remedies available.

## COUNT IV:

### Fraudulent Inducement & Deceit
### (*As Against Defendants*)

54.     Assist Financial hereby readopts and realleges the preceding paragraphs as if each were fully and independently realleged herein.

55.     Freight One and Palacios had knowledge of the Purchasing Agreement with Assist Financial, that the Accounts that were purchased by Assist Financial, and that Assist Financial was entitled to collect and retain payments due on accounts directly from Freight One's customers.

15

56.     Defendants made the following statements of fact or promises to Assist Financial in connection with Assist Financial having purchased each of the Fraudulent Accounts from Defendants, including that:

    a.    The invoices, which are described in further detail in Paragraph 26, presented to Assist Financial for the Fraudulent Accounts contained an accurate and undisputed statement of indebtedness by an account debtor to Freight One as a result of goods sold and/or services provided to such account debtor by Freight One, for a certain sum which is due and payable in the payment terms agreed upon between Freight one and the account debtors; and

    b.    The invoices, which are described in further detail in Paragraph 26, presented to Assist Financial for the Fraudulent Accounts contained an accurate statement of a bona fide sale, delivery, and acceptance of merchandise or performance of service by account debtors to Freight One.

(collectively, the "Material Misrepresentations").

57.     Defendants knew that the Material Misrepresentations were either untrue or were recklessly made by the Defendant.

58.     Defendant made the Material Misrepresentations with the intent to deceive Assist Financial, more specifically, for the purpose of inducing Assist Financial to make purchase price advances to Freight One in exchange for the Fraudulent Accounts.

59.     Assist Financial actually and justifiably relied upon the Material Misrepresentations.

60.     Assist Financial was induced to act upon the Material Misrepresentations to its detriment by having made purchase price advances to Freight One for purchasing the Fraudulent Accounts.

61.     Assist Financial suffered actual damages as a result of Defendants' Material Misrepresentations in an amount to be determined at trial and in an amount of not less than $128,371.99.

62.     Defendants' actions and inactions as set forth above are characterized by an intentional, willful, wanton, and malicious disregard for Assist Financial's rights, entitling Assist Financial to the recovery of punitive damages under SDCL 21-3-2.

**WHEREFORE,** Assist Financial Services, Inc. respectfully requests that this Court enter a judgment in its favor against the Defendants Freight One Transportation, Inc. and David Palacios, individually, jointly and severally for money damages in an amount to be determined at trial, together with interest, penalties and costs, reasonable attorneys' fees, punitive and exemplary damages; and any and all other relief that this Court may determine to be just and proper.

Dated this 28th day of January, 2020.

REDSTONE LAW FIRM LLP

_/s/ *Meghann M. Joyce*_____
Meghann M. Joyce
Christopher D. Sommers
101 N. Phillips Avenue, Suite 402
Sioux Falls, SD 57104
(605) 331-2975
meghann@redstonelawfirm.com
chris@redstonelawfirm.com
*Attorneys for Plaintiff Assist Financial Services, Inc.*

17

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Assist Financial Services, Inc.

**DEFENDANTS**
Freight One Transportation, Inc. and David Palacios

**(b)** County of Residence of First Listed Plaintiff    Lake, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    San Bernardino, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Meghann M. Joyce and Christopher D. Sommers
Redstone Law Firm LLP
101 N. Phillips Avenue, Suite 402, Sioux Falls, SD 57104

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 1332
Brief description of cause:
Breach of factoring agreement and fraud under South Dakota law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
128,371.99

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/28/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Meghann M. Joyce

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____