UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ASSIST FINANCIAL SERVICES, INC., a South Dakota Corporation,<br><br>                    Plaintiff,<br>     vs.<br><br>FREIGHT ONE TRANSPORTATION, INC., a California Corporation, and DAVID PALACIOS,<br><br>                    Defendants. | 4:20-Cv-4015-LLP<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

On January 28, 2020, Plaintiff, Assist Financial Services, Inc. ("Plaintiff"), filed a complaint against defendants Freight One Transportation, Inc. ("Freight One") and David Palacios ("Palacios"), (collectively, "Defendants") alleging the following claims: 1) Breach of Purchasing Agreement against Freight One; 2) Breach of Purchasing Agreement against Palacios, d/b/a/ Freight One; 3) Breach of Guaranty against Palacios; 4) Fraudulent Inducement & Deceit against Defendants. Doc. 1. This Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

On July 8, 2020, Plaintiff filed a Motion for Default Judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, Doc. 9, and moves the Clerk of Court to enter default judgment against defendants Freight One and Palacios. Doc. 9. For the following reasons, Plaintiff's Motion for Default Judgment is denied.

**DISCUSSION**

The Clerk of Court may enter default judgment if the Plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, a party *must* apply to the Court for a default judgment." Fed. R. Civ. P. 55(b)(2) (emphasis added). "[A] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008) (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318

F.3d 1, 19 (1st Cir. 2003)); *see also KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003) (citing actions to enforce liquidated damages clause or seeking delinquent tax assessment); *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) (holding that the "full amount of the check in question" for which plaintiff demanded judgment was a sum certain for purposes of Rule 55(b)(1)); *Purity Bakery Bldg. Ltd. P'ship v. Penn-Star Inc. Co.*, Civ. No. 11-0094, 2011 WL 1324973, at *2 (D. Minn. Apr. 7, 2011) ("Typically, Rule 55(b)(1) is used to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan. Rule 55(b)(1) is not used when the amount of the judgment cannot be calculated with such certainty."); *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993) (stating that "sum certain" situation including actions on money judgments and negotiable instruments or similar actions where the damages sought can be determined without resort to extrinsic proof).

In the present case, in addition to the value of the account receivables Plaintiff purchased from Freight One, Plaintiff also seeks to recover a closing fee upon termination of the Purchasing Agreement, default fees, collection charges, and an early termination fee—all of which Plaintiff states it is entitled to recover in the event of Freight One's breach of the Purchasing Agreement. While the Court was able to locate the sections in the Purchasing Agreement that referred to these fees, the fee amount or rates in the Purchasing Agreement have been redacted. Accordingly, there is doubt as to what Plaintiff is entitled to as a result of Freight One's default and this motion is therefore improper under Rule 55(b)(1).

In addition, Plaintiff is seeking attorney's fees. Under South Dakota law—the law of the forum and the law chosen by the parties to govern the Purchasing Agreement—each party generally bears the burden of the party's own attorney's fees. *In re S. Dakota Microsoft Antitrust Litig.*, 707 N.W.2d 85, 98 (S.D. 2005) (citation omitted). However, as stated by the South Dakota Supreme Court:

> [T]wo exceptions to this general rule exist, first when a contractual agreement between the parties entitles the prevailing party to attorney fees, and second when an award of attorney fees is authorized by statute. The fees awarded by the court in *each* case must be reasonable for the services rendered.

*Id.* (emphasis added); *see also Eagle Ridge Estates Homeowners Ass'n, Inc. v. Anderson*, 827 N.W.2d 859 (S.D. 2013) (stating that under the two exceptions to the general rule that each party

bears the burden of its own attorney fees, the award for attorney fees must be reasonable for the services rendered). Thus, although the Purchasing Agreement provides that Freight One agrees to reimburse Plaintiff for attorney's fees incurred in enforcing the Purchasing Agreement, under South Dakota law, any award of attorney fees must "reasonable."

Courts that have addressed the issue have concluded that "reasonable attorney's fees" are not sum certain within the meaning of Rule 55(b)(1). *See, e.g., Flynn v. Mastro Masonry Contractors*, 237 F.Supp.2d 66, 70 (D.D.C. 2002) ("The amount of the attorney's fees, however, is not considered a sum certain as the 'reasonableness of the fees requested by the [plaintiff] is a "judgment call" which only the [c]ourt can make.'"); *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984); *Ferraro v. Arthur M. Rosenburg Co.*, 156 F.2d 212, 214 (2d Cir. 1946) ("But for the need to fix a reasonable attorney's fee the clerk could have entered the judgment under Rule 55(b)(1)."); *Chemtall, Inc. v. Citi-Chem, Inc.,* 992 F.Supp. 1390, 1412 (S.D. Ga. 1998) ("[I]tems like 'reasonable attorney's fees' are simply not 'sum certain.'"); *Design & Dev., Inc. v. Vibromatic Mfg., Inc.*, 58 F.R.D. 71 (E.D. Pa. 1973) ("[W]hat is a 'reasonable' fee may only be determined after a hearing."); *Phillips 66 Co. v. Grainer*, Civ. No. 13-1890, 2015 WL 3797396 (E.D. Cal. Jun. 18, 2015) ("A calculation of reasonable attorney's fees is not a sum certain calculation, and the default judgment entered by the Clerk of Court pursuant to [Rule] 55(b)(1) is no longer proper."); *Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C.*, Civ. No. 04-733, 2005 WL 2180481, at *5 (W.D. Mich. Sept. 9, 2005) (holding that a reasonable attorney fee cannot be a "sum certain" because it requires judicial evaluation of the evidence regarding the fee).

Rule 55(b)(1) "carefully limits the clerk's authority to those cases where the entry of judgment is purely a ministerial act, since '[s]ound policy dictates that the clerk should not be invested with discretionary power.'" *Combs v. Coal & Mineral Mgmt Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2683 at 416 (1983)). Many of the fees that Plaintiff states it is entitled to under the Purchasing Agreement for its breach are incalculable because such rates and figures in the Purchasing Agreement have been redacted. In addition, any award of attorney's fees will require the Court to exercise its discretion in determining what is reasonable.

For these reasons, Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure is denied. Should Plaintiff seek to apply to the Court for default judgment under Rule 55(b)(2), Plaintiffs are instructed that allegations relating to the amount of damages must be proven to a reasonable degree of certainty, *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001), and that the party seeking default should document "the mathematical calculation to reach the final amount in each category of damages requested," *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 (8th Cir. 2008).

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, Doc. 9, is DENIED.

Dated this 12th day of August, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____